IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| RAYMON HAYMON, | |
| Petitioner, | |
| vs. | No. 07-2632-STA-tmp |
| WARDEN EASTERLING, | |
| Respondent. | |

---

ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On September 27, 2007, Petitioner Raymon Haymon, Tennessee Department of Correction prisoner number 138019, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254, accompanied by a legal memorandum. (ECF No. 1.) Petitioner paid the habeas filing fee on October 4, 2007. (ECF No. 2.) On October 12, 2007, United States District Judge J. Daniel Breen issued an order directing Respondent to file the state-court record and a response to the petition. (ECF No. 3.) Respondent filed a motion to dismiss the petition on November 21, 2007 (ECF No. 11) and filed the state-court record on December 3, 2007 (ECF

Nos. 13 & 14).[1] Petitioner did not respond to the motion to dismiss. On October 22, 2008, the Court issued an order that granted the motion to dismiss, denied the petition, and denied a certificate of appealability. (ECF No. 16.) Judgment was entered on October 23, 2008. (ECF No. 17.) The Sixth Circuit Court of Appeals denied a certificate of appealability. Haymon v. Easterling, No. 09-5059 (6th Cir. Feb. 26, 2010).

On March 1, 2011, Haymon filed a Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b) or an Independent Action (ECF No. 20) and a Motion for Appointment of Counsel (ECF No. 21). In his motion for relief from judgment, Haymon asserts that he did not receive a copy of Respondent's motion to dismiss and that Judge Breen did not order him to respond to the motion. (ECF No. 20 at 3.) He asserts that he first learned that a motion to dismiss had been filed when he received the dismissal order in this matter. (Id. at 3-4.)

The first matter to be considered is whether Haymon's motion is itself a second or successive § 2254 petition. This analysis requires consideration of whether the motion for reconsideration presents one or more habeas "claims." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "[A] [claim] as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id.

---

[1] The case was reassigned to this judge on May 21, 2008. (ECF No. 15.)

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim <u>on the merits</u>, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

<u>Id.</u> at 532 (emphasis in original; footnotes omitted). The Supreme Court clarified that

> [t]he term "on the merits" has multiple usages. . . . We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

<u>Id.</u> at n.4.

The Court did not grant Respondent's motion to dismiss because Haymon failed to respond. Instead, the Court reviewed the record and denied relief on the merits or because certain claims were barred by procedural default. Haymon's motion does not take issue with the Court's resolution of the issues presented. Instead, he assumes that he was penalized because he did not respond to the motion, and he attempts to prove that Respondent did not properly serve him and that the Court did not order him to respond. Because

3

this motion does not raise any new "claims," it is not second or successive.

Petitioner seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Haymon seeks relief under Rule 60(b)(3), but his motion is meritless because more than one year has passed since the entry of judgment on October 23, 2008.

Petitioner also seeks relief under Rule 60(d)(3), which allows a court to set aside a judgment for fraud on the court. It

4

is unnecessary to address whether, and under what circumstances, an independent action for fraud on the court is available to an unsuccessful habeas petitioner because it is clear from Petitioner's motion that he is not entitled to relief. Petitioner does not dispute that he received the order directing Respondent to file the state-court record and a response to the petition. (See ECF No. 3.) That order should have put Petitioner on notice to expect these filings from Respondent. The certificate of service for Respondent's motion to dismiss reflects that a copy was mailed to Petitioner at his address of record on November 21, 2007 (ECF No. 12 at 2), and the certificate of service for the state-court record reflects that a copy was mailed to him on December 3, 2007 (ECF No. 13 at 4). Even if it were assumed that Petitioner's copies of the motion to dismiss and the record were not received, Petitioner has not explained his failure to inquire with the Clerk about the status of the matter and whether a response had been received from Respondent.

Petitioner is under the mistaken assumption that the Court or the Clerk's office was required to do something to notify him of the pending motion to dismiss. The Court completed its review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") when it issued its order on October 12, 2007, that directed Respondent to file the state-court record and to respond to the petition. None of

the other authorities cited by Petitioner impose on the Court a duty affirmatively to ask for a response to a pending motion. Rule 5 of the Section 2254 Rules addresses answers and replies to habeas petitions. Rule 56(c) of the version of the Federal Rules of Civil Procedure in effect at the time addresses the standards for granting summary judgment. Rule 5 of the Federal Rules of Civil Procedure concerns service and filing of court papers by the parties. Local Rule 5.2, governing Non-Electronic Filing and Service for Pro Se Parties, also is of no assistance to Petitioner.

Finally, nothing in Petitioner's motion suggests that he had a meritorious defense to the motion to dismiss. The October 22, 2008 order granting Respondent's motion to dismiss considered the entire state-court record and did not penalize Petitioner for his failure to respond.

Petitioner's motion for relief from judgment pursuant to Rules 60(b)(3) and 60(d) of the Federal Rules of Civil Procedure is DENIED. Because the case is no longer pending, the motion for appointment of counsel is DENIED.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Section 2254 Rules. A petitioner may not

take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same), cert. denied, ___ U.S. ___, 129 S. Ct. 1057 (2009). A COA does not require a showing that the appeal will succeed. Miller, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773 (quoting Slack, 537 U.S. at 337).

In this case, jurists of reason would not disagree that Petitioner is not entitled to relief from judgment. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first

7

file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[2]

IT IS SO ORDERED this 30th day of September, 2011.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. See Fed. R. App. P. 24(a)(5).