IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RAYMON HAYMON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2:07-cv-2632-STA-tmp |
| CHERRY LINDAMOOD, | ) ) | |
| Respondent. | ) ) | |

ORDER DENYING REQUEST FOR RELIEF FROM JUDGMENT,
TRANSFERRING "MOTION FOR ACTUAL INNOCENCE" TO
COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is Petitioner Raymon Haymon's "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedures 60(b)(4) or in the Alternative 60(b)(6) and Motion for Actual Innocence." (ECF No. 27.) For the reasons that follow, the request for relief from judgment is **DENIED** and the "motion" for actual innocence is **TRANSFERRED** to the Sixth Circuit as a second or successive petition.[1]

**BACKGROUND**

On September 27, 2007, Petitioner Filed a *pro se* petition pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) United States District Judge J. Daniel Breen subsequently issued an order directing Respondent to file the state court record and a response to the Petition. (ECF No.

---

[1] The Clerk is **DIRECTED** to modify the docket to substitute as Cherry Lindamood for Warden Easterling as Respondent. *See* Fed. R. Civ. P. 25(d).

1

3.) Respondent filed a motion to dismiss and the state court record on November 21, 2007, and December 3, 2007, respectively. (ECF Nos. 12 and 14). Petitioner did not respond to the motion to dismiss. On October 22, 2008, the Court issued an order granting Respondent's motion and denying a certificate of appealability. (ECF No. 16.) Judgment was entered on October 23, 2008. (ECF No. 17.) The Sixth Circuit Court of Appeals denied a certificate of appealability in February 2010. *Haymon v. Easterling*, No. 09-5059 (6th Cir. Feb. 26, 2010).

A year later, on March 1, 2011, Haymon filed a motion under Rule 60(b)(3) and Rule 60(d) for relief from judgment. (ECF No. 20.) *See* Fed. R. Civ. P. 60(b)(3) and (d). He asserted that he did not receive a copy of Respondent's motion to dismiss and that Judge Breen did not order him to respond to the motion.[2] (ECF No. 20 at 3.) He further alleged that he first learned that a motion to dismiss had been filed when he received the Court's dismissal order. (*Id.* at 3-4.)

The Court denied the Rule 60 motion. (ECF No. 22.) It concluded that relief under Rule 60(b)(3) was not available because Petitioner did not file his motion within one-year after entry of judgment. (*Id.* at 4.) The Court also held that he had failed to show a fraud upon the Court which would warrant setting aside the judgment under Rule 60(d). (*Id.* at 4-6.) The Court denied a certificate of appealability and leave to proceed on appeal *in forma pauperis*. (*Id.* at 7-8.)

Haymon filed a notice of appeal and the Sixth Circuit denied a certificate of appealability. *Haymon v. Easterling*, No. 11-6329 (6th Cir. May 17, 2012). His petition for rehearing was denied in August 2012. *Id.* (6th Cir. Aug. 3, 2012).

---

[2] The case was reassigned to the undersigned judge on May 21, 2008. (ECF No. 15.)

Nearly five years later, on May 8, 2017, Haymon filed the now-pending request for relief from judgment. (ECF No. 27.) The request is combined in the same document with a twenty-five-page discussion titled "Actual Innocence Motion" (hereinafter "Part I" and "Part II," respectively).

**DISCUSSION**

In Part I of his motion, Petitioner argues that he is entitled to relief from judgment under subparts (4) and (6) of Rule 60(b) because of an alleged procedural defect leading to dismissal of the Petition. (*Id.*) Specifically, he insists that he did not receive a copy of the state court record and that the Court failed to order him to respond to the motion. (*Id.* at 3.). He contends that this alleged "depriv[ation] of notice and opportunity to be heard" renders the judgment void for purposes of Rule 60(b)(4) and represents an "extraordinary circumstance" warranting relief under Rule 60(b)(6). (*Id.*) In Part II, Haymon asserts new attorney ineffective assistance and due process claims. (*Id.* at 17-42.) He also asserts "that a constitutional violation has probably resulted in the conviction of one who is 'Actually Innocent' and a fundamental miscarriage of justice will occur if Movant is not allowed to properly adjudicate his Habeas Corpus Petition." (*Id.* at 17.) [3]

As an initial matter, the Court determines that Part II of the motion constitutes a second or successive petition because it advances new claims for habeas corpus relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a Rule 60(b) motion is to be treated as a successive habeas petition if it "seeks to add a new ground of relief" or "attacks the federal court's previous resolution of a claim *on the merits*.") (emphasis in original.) "Before a second or successive

---

[3] Petitioner also argues that his actual innocence claim "show[s] [he] had a 'meritorious Defense' to the State's Motion to Dismiss [for purposes of] [Rule] 60B6." (ECF No. 27 at 17.) Because the Court finds that other reasons preclude relief under Rule 60(b)(6), *see infra*, it does not address the argument.

application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Haymon has not yet obtained authorization from the Sixth Circuit to file his new claims. Part II of the motion is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that districts courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

Part I, wherein Petitioner argues that he was not given notice and opportunity to be heard on the motion to dismiss, is not a second or successive petition and is therefore properly before this Court for resolution.

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Under Rule 60(b)(4), relief from a "void" judgment is available where there was "jurisdictional error" or "a violation of due process that deprives a party of notice or the

4

opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances" *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (internal quotation marks omitted). Rule 60(b)(6) also requires the moving party to demonstrate "(1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co., Inc.*, 479 F. App'x 684, 693 (6th Cir. 2012) (citing *Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010)).

A party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, . . . and a moving party must articulate a reasonable basis for delay . . . ." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted).

Haymon is not entitled to relief from judgment under either Rule 60(b)(4) or (6). There is little to distinguish the argument he asserts now and the argument he advanced in his first motion for relief from judgment. Although he currently relies on different subsections of Rule 60 than he did previously, the basic premise of his argument is the same: that the alleged failure of Respondent to serve on him the motion to dismiss and the state court record, together with the Court's failure to order him to respond, deprived him of an opportunity to oppose the motion to dismiss.

Even assuming Petitioner did not receive a copy of the motion to dismiss and the state court record, he was not deprived of notice and an opportunity to oppose the motion to dismiss. As the Court found in its prior order, he "does not dispute that he received the order directing Respondent to file the state-court record and a response to the petition." (ECF No. 22 at 5.) "That order should have put [him] on notice to expect these filings from Respondent." (*Id.*) But

5

instead of "inquir[ing] with the Clerk about the status of the matter and whether a response had been received from Respondent," Petitioner did nothing for the entire year that elapsed between October 12, 2007, when the order to respond was entered, and October 22, 2008, when the order of dismissal was entered.

The Court also finds that Haymon's request for relief from judgment under Rule 60(b)(4) and (6) was not filed within a reasonable time. He filed the request more than six years after he filed his first Rule 60(b) motion. Because the factual premise for both motions is essentially the same, Petitioner could have argued for relief under subsections (4) and (6) at the same time he argued for relief under different provisions of Rule 60.

Petitioner's request for relief from judgment pursuant to Rule 60(b) is **DENIED**.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny Petitioner's request for relief from judgment. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 12, 2018.